UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HUSAN UZAHODJAEV,
:
Petitioner
:
: No. 1:16-CV-2006
vs.
:
: (Judge Rambo)
CRAIG LOWE,
:
:
Respondent.
:

**MEMORANDUM**

**Background**

On September 3, 2016, Petitioner Husan Uzahodjaev filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) at Pike County Prison. (Doc. No. 1.) On January 9, 2017, Respondent replied to the petition and provided that in light of Chavez-Alvarez v. Warden York County Prison, 783 F.3d 469 (3d Cir. 2015) and Petitioner's eight-month detention, that Petitioner is entitled to a bond hearing to determine whether detention is still necessary to fulfill the INA's purpose of ensuring that Petitioner attends removal proceedings and that his release will not pose a danger to the community. (Doc. No. 16, at 6, Respondent's Brief.)

On May 16, 2017, the Court ordered that ICE provide Petitioner with a bond hearing before an immigration judge within 30 days of the Order (Doc. No. 23)

1

and closed the case. (Doc. No. 24.) On June 23, 2017, Petitioner filed a motion to reopen and reconsider arguing that the amount of the bond set by the immigration judge was excessive. (Doc. No. 29.) As relief, Petitioner asks that the Court "retain habeas corpus jurisdiction and hold an individualized bond hearing as Petitioner does not have the resources to post a $50,000 bond." (Id. at 4.)

On August 1, 2017, Petitioner informed the Court that he was released from ICE custody and provided his home address for future correspondence. (Doc. No. 32.) On August 2, 2017, Respondent filed a suggestion of mootness, providing that the Department of Homeland Security has confirmed that Petitioner was released from ICE custody on July 26, 2017. (Doc. No. 33 at 2.) Respondent provides that because the relief sought by Petitioner in his motion to reopen the case is no longer available to him, his motion to reopen the case is now moot. (Id.)

**Discussion**

Federal district courts have jurisdiction in cases such as the present matter where the detainee is seeking immediate release on bond pending removal on the grounds that his continued ICE detention is unconstitutional. See Clarke v. Dep't of Homeland Security, No. 4:CV-09-1382, 2009 WL 2475440 (M.D. Pa. Aug. 12, 2009). It is equally well settled that the case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the

outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). Throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy … if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, No. 3:CV-02-465, slip op. at p.2 (M.D. Pa. May 17, 2002).

According to information provided to the Court by Respondent, Petitioner was released from custody on July 26, 2017. Since Petitioner was recently released from detention, under the principles set forth in Steffel, his challenge to indefinite detention pending deportation is subject to dismissal as moot since it no

longer presents an existing case or controversy.[1]  See Novas v. ICE, 303 F. App'x 115, 118 n.3 (3d Cir. 2008) (release from ICE custody moots habeas petition solely addressing detention issue).  An appropriate Order follows.

                                s/Sylvia H. Rambo
                                SYLVIA H. RAMBO
                                United States District Judge

Dated: August 8, 2017

---

[1] In the event that Petitioner is retaken into ICE custody, he may again seek relief by filing a subsequent writ of habeas corpus.  However, consideration of such speculative occurrence does not warrant further consideration of this matter.